BRISBIN, Administrator, *against* M'LAUGHLIN.

ON error from the C. P. of New York. The plaintiff assigned errors specially in the record, alleging diminution, and sued out a certiorari in order to verify the diminution; out without waiting to have it returned, entered a default

*The plaintiff in error may assign common errors, and allege diminution at the same time, and*

take out a certiorari, and enter his rule to join in error.

If the defendant does not join in error according to the rule, the plaintiff may enter a default, though the certiorari be not returned.

UTICA,
Aug. 1825.

Brisbin
v.
M'Laughlin.

for not joining in error.   The assignment of errors, and notice of the rule to join in error, were served on the 18th May, 1825 ; the certiorari filed with the clerk of the C. P June 9th, 1825; and the defendant's default was entered the same day.

*J. W. Patterson,* now moved to set aside the default for irregularity.

*W. Mulock,* contra, said the plaintiff had a right to pro-ceed against the defendant in error in the same manner as if there had been no certiorari in the case.   When diminu-tion is alleged in the Court of Errors, according to the sec-ond rule of that Court; the defendant may join in error, and then, unless it turn out that the plaintiff has caused it to be returned within a certain time, he loses all benefit of the diminution upon the argument.   The rule is in effect the same in this Court; though the course to be pursued, in applying it, is different.   Upon a general assignment of error in the record, and *in nullo est erratum* pleaded, the plaintiff cannot insist on the want of any of the out-works of the record ; as the original writ, bill, &c. but is confined to argue from the record itself. (*Graddell* v. *Tyson,* 2 Ld. Raym. 1441.)   To avail himself of any defect *dehors* this, he must allege diminution, (id.) which is to be served on the defendant with the other assignment of error, and sue out a certiorari to verify the truth of the allegation.(*a*) It is true, that in such case, the plea of *in nullo &c.* would be a confession of the error ; but in order to avoid this con-sequence, the defendant should immediately take a rule against the plaintiff in error to return his certiorari, and in case he does not, he loses the benefit of the special assign-ment. (*Smith* v. *Stoneard,* 1 Salk. Rep. 267.)   If not re-turned within the rule, which is one of 4 days, the defen-dant may then give a joinder of *in nullo &c.* and enter a *non misit breve* on the record, without taking any notice of the diminution.   This renders the assignment of errors, as to that part, of no effect. (2 Sell. Pr. 378.   1 Archb. Pr. 231.   2 Ld. Raym. 1156.   Tidd, 1112.   2 Dunl. 1150.)

(*a*) Vid. *Rowan* v. *Lytle,* ante, 91.

*Curia.* It does not appear from the papers before us, whether the plaintiff in error gave the common assignment of errors at the same time with the allegation of diminution; but this was probably so, and we will intend it, until the omission is shown affirmatively. He was right in giving the common assignment before the certiorari was issued, and alleging diminution at the same time, as the foundation of the certiorari. Although he issued a certiorari to verify the allegation, he might afterwards waive it, and proceed upon the common assignment. He has done so by taking the default. The force of the certiorari is probably spent, and the reversal, therefore, stands upon the face of the record; as nothing *dehors* this is brought up. But be this as it may, the plaintiff had a right to the effect of his rule to join in error, the defendant having omitted to take any step on his part.

Motion denied.

NOTE. The Court did not say how the defendant should have proceeded; whether by taking issue on the common assignment alone, or pleading *in nullo est erratum* to the whole, and trusting to the want of a return, upon the argument, as the Court of Errors may do in the like cases, according to their second rule; (see 1 Archb. Pr. 231, Tidd, 1112, for a similar rule in the House of Lords;) or immediately taking a 4 day rule against the plaintiff to return the writ according to the practice of the King's Bench, as laid down in 2 Sell. Pr. 378, (and vid. 2 Salk. 267, 2 Ld. Raym. 1156, Tidd, 1112.)